**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUL 11 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50298 |
| Plaintiff-Appellant, | D.C. No. 3:18-cr-01550-BTM-1 |
| v. | |
| WALTER DIAZ, AKA Waiter Diaz, AKA Walter Diaz-Estupinan, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Argued and Submitted February 9, 2021
Resubmitted July 9, 2024
Pasadena, California

Before: MURGUIA, Chief Judge, and BOGGS** and M. SMITH, Circuit Judges.

The government challenges the district court's grant of "safety valve" relief

to Walter Diaz and appeals Diaz's eight-year sentence for possessing cocaine with

intent to distribute aboard a vessel in violation of 46 U.S.C. § 70503. We have

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

jurisdiction pursuant to 28 U.S.C. § 1291. We previously stayed the proceedings in this case pending the United States Supreme Court's decision in *Pulsifer v. United States*, 601 U.S. 127, 128 (2024). In light of that decision, we reverse and remand for resentencing.

Although Diaz was subject to a ten-year mandatory minimum sentence under 21 U.S.C. § 960(b)(1) due to the amount of cocaine he possessed, the district court concluded that Diaz was eligible for safety valve relief pursuant to 18 U.S.C. § 3553(f). The safety valve allows a district court to sentence a criminal defendant below the mandatory minimum sentence for certain drug offenses if the defendant meets various criteria. *Pulsifer*, 601 U.S. at 128. At issue here is whether Diaz meets the criteria specified in § 3553(f)(1), which requires a defendant to prove that they do "not have—(A) more than 4 criminal history points . . . (B) a prior 3-point offense . . . and (C) a prior 2-point violent offense." The parties agree that Diaz has (A) five criminal history points, and (B) a prior 3-point offense, but he does not have (C) a prior 2-point violent offense.

The district court construed § 3553(f)(1)'s "and" to be conjunctive, permitting the court to impose a sentence below the mandatory minimum because Diaz did not have all three criteria. Because *Pulsifer* rejected the conjunctive construction of § 3553(f)(1), we reverse and remand for resentencing.

**REVERSED and REMANDED.**